IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THEODORE (TED) E. DAUVEN,

                Plaintiff,                  No. 03:09-cv-01471-PK

     v.

U.S. BANCORP, U.S. BANK
NATIONAL ASSOCIATION, as
Trustee for MASTR Asset Backed
Securities Trust, 2006-WMCS, and          ORDER
WELLS FARGO, AND COMPANY, or
WELLS FARGO, CORPORATION, DBA
Wells Fargo Bank National Association
in Washington and Oregon,

                Defendants

HERNANDEZ, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation (#103) on September 7,

2012, in which he recommends the Court deny plaintiff's motion for leave to file a fourth

1 - ORDER

amended complaint, and deny defendants' motion for summary judgment. Because plaintiff

moves to recuse me from reviewing the Findings and Recommendation, I address that motion

first.

Two federal statutes govern recusal and disqualification: 28 U.S.C. § 144 and 28 U.S.C.

§ 455. Section 144 provides that a judge shall be disqualified where he or she has a "personal

bias or prejudice either against [a party] or in favor of any adverse party[.]" See United States v.

Heffington, 952 F.2d 275, 278 (9th Cir. 1991). Under section 144, the party moving for recusal

must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief

that bias or prejudice exists[.]" 28 U.S.C. § 144. Conclusory allegations are insufficient to

support a request for recusal on grounds of bias or prejudice. United States v. $292,888.04 in

U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). Similarly, section 455 provides, in relevant

part, that federal judges and magistrate judges must recuse themselves "in any proceeding in

which [their] impartiality might be reasonably questioned[,]" including if they have "a personal

bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1); see Heffington, 952 F.2d at

278.

The standard for recusal under sections 144 and 455 is the same: "whether a reasonable

person with the knowledge of all the facts would conclude the judge's impartiality might be

questioned." Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993) (internal

quotation marks omitted). To warrant recusal, judicial bias must stem from an extrajudicial

source and not from conduct or rulings made during the course of proceedings. $292,888.04 in

U.S. Currency, 54 F.3d at 566. "A judge's prior adverse ruling is not sufficient cause for

recusal." Taylor, 933 F.2d at 712 (internal quotation marks and brackets).

2 - ORDER

Plaintiff's motion for recusal states only that my impartiality "might reasonably be questioned[,]" and that I have filed previous judicial opinions in other matters related to this proceeding affecting his rights.  Plf.'s Mtn for Recusal at 1.  The motion is unsupported by evidence, declaration, or affidavit.  No citation to any prior opinion of mine or any other case of plaintiff's is provided.

My research shows that in an entirely different case filed by plaintiff and his wife in 2011 and assigned to Magistrate Judge Papak, I denied plaintiffs' motion for a temporary restraining order.  Dauven v. U.S. Bank Nat'l Ass'n, et al., No.  03:11-cv-00613-PK, Order at 1-4 (D. Or. May 20, 2011).  The issues in the case concerned whether plaintiffs' rights to due process and equal protection had been violated in two eviction proceedings.  Id. at 2.  While the eviction was from the same property which plaintiff was occupying when the "December Officer" visited, there is no overlap between these two case.  More fundamentally, however, as the cited cases make clear, plaintiff's dissatisfaction with my prior rulings in a case is insufficient to support recusal.  The motion is denied.

No objections to the portion of the Magistrate Judge's Findings and Recommendation regarding plaintiff's motion to amend were timely filed.  Thus, I am relieved of my obligation to review the record on that motion de novo.  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988) (de novo review required only for portions of Magistrate Judge's report to which objections have been made).  Having reviewed the legal principles de novo, I find no error in the Magistrate Judge's recommendation to deny plaintiff's motion to amend.

Defendants have timely filed objections to the portion of the Findings and

3 - ORDER

Recommendation regarding defendants' motion for summary judgment.  The matter is now

before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and

Recommendation, the district court must make a *de novo* determination of that portion of the

Magistrate Judge's report.  28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th

Cir. 2009); Reyna-Tapia, 328 F.3d at 1121.

As a result of earlier rulings, the only claims remaining in the case are battery and false

imprisonment claims related to a single incident occurring on December 1, 2009, at a home then

occupied by plaintiff and his wife.  At that time, an individual Magistrate Judge Papak refers to

as the "December Officer" allegedly came onto the property for a purpose likely related to the

fact that plaintiff and his wife, who had been tenants of the property, had been asked to vacate the

property following a foreclosure which occurred after the owner defaulted on a loan.  See F&R at

2-3, 13 (noting that the false imprisonment and battery claims "derive from a single occasion

when the December Officer entered the Property and allegedly intimidated the Dauvens.").

Magistrate Judge Papak's F&R first addressed that part of defendants' motion contending

that the December Officer was not an employee of any defendant and was not authorized to act

on behalf of any defendant, thus precluding liability by any defendant for the claims.  Magistrate

Judge Papak analyzed three ways defendants could be vicariously liable for an intentional tort

committed by the December Officer:  (1) under *respondeat superior* liability; (2) if there were a

non-employee agency relationship; or (3) as a result of reporting a crime to law enforcement.  Id.

at 13-22.  He concluded that defendants were entitled to summary judgment under theories (2)

and (3), but that there were issues of fact as to whether the December Officer was an employee of

4 - ORDER

any defendant and thus, there was an issue of fact on the question of *respondeat superior* liability. Id. at 14-17. Magistrate Judge Papak next addressed defendants' motion directed to the merits of the two tort claims. He concluded that issues of fact on the merits precluded summary judgment to defendants. Id. at 22-24.

Neither party objects to Magistrate Judge Papak's conclusions regarding defendants' liability for the actions of the December Officer under the "non-employee agent" and "reporting a crime to law enforcement" theories. Defendants object to the conclusion that there are issues of fact regarding defendants' *respondeat superior* liability defendants for the December Officer's actions, and to the conclusion that there are issues of fact on the merits of the claims.

Magistrate Judge Papak explained that defendants could establish that plaintiff's claims fail as a matter of law entitling defendants to summary judgment if defendants demonstrated that there was no factual dispute concerning whether defendants were vicariously liable for the torts allegedly committed by the December Officer. F&R at 13. As to *respondeat superior* liability, he explained that a corporation may be vicariously liable for an intentional tort of its employee if the tort is committed in the course and scope of the employee's employment. Id. at 14 (citing Chesterman v. Barmon, 305 Or. 439, 753 P.2d 404 (1988)).

After explaining the three elements under Chesterman required to establish that an employee was acting within the scope of his or her employment, Magistrate Judge Papak noted that in this case, there was a threshold issue of whether the December Officer was, in fact, an employee of any defendant. Id. at 13-14. Without discussing which party had the burden of proving that the December Officer was an employee of any defendant, Magistrate Judge Papak concluded that there were issues of fact precluding summary judgment for defendants on the

December Officer's employment status.  Id. at 15-16.  In his discussion, he noted that defendants

relied on the fact that the December Officer identified himself as a police officer and further, that

plaintiff believed him to be one, as evidence that the December Officer was a member of law

enforcement and could not have been an employee of defendants.  Id. at 15.

Magistrate Judge Papak then examined other facts in the record he found relevant

including that the December Officer did not wear any official identification, rebuffed plaintiff's

efforts to obtain his identification or license plate numbers, threatened to call police and have

plaintiff arrested, and stated that he was representing the property owners.[1]  Id.  Magistrate Judge

Papak noted that defendants presented no evidence from the State of Oregon or any law

enforcement agency that a police officer actually visited the property and failed to adduce any

evidence that none of their employees visited the property in the manner described by plaintiff.

Id. at 15-16.  Consequently, he concluded that, drawing inferences in favor of plaintiff, a

reasonable jury could conclude that the December Officer was not a police officer and was

defendants' employee.  Id.

Defendants argue that Magistrate Judge Papak mistakenly shifted the burden of proof

from plaintiff to defendants by requiring defendants to prove that the December Officer was not

their employee.  Defs' Objs. at 8.  Defendants argue that in order to succeed on his claims,

---

[1]  The record shows that plaintiff's deposition testimony was not that the December
Officer expressly stated that he represented the property owners, but was instead that the
December Officer stated he was an officer with the State of Oregon, that the State had received
reports from the owners that plaintiff had stayed in the property despite the owners' request "to
remove," and that the owners had requested that the State of Oregon come to the property and
investigate why plaintiff and his family were there.  Ex. 1 to Smith Decl. (Dkt #93) at 114-15.
Plaintiff further testified that the December Officer never represented that he had been hired by
the owners.  Id.

6 - ORDER

plaintiff must affirmatively establish the vicarious liability of defendants which means affirmatively proving that the December Officer was employed by at least one defendant.  While defendants were the moving parties on summary judgment, the burden to establish vicarious liability remained with plaintiff.  E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict.").  Defendants argue that it was error for Magistrate Judge Papak to require defendants to disprove that the December Officer was their employee or prove that he was a police officer.

I need not decide whether Magistrate Judge Papak erred in this regard because defendants move to supplement the summary judgment record before me with evidence affirmatively supporting defendants' position that the December Officer was not employed by any defendant.  I grant the motion to supplement the record and consider the Declaration of Ian Reekie on the issue of defendants' vicarious liability for the actions of the December Officer, as well as the Declarations of plaintiff and Barbara Dauven submitted in response.

Reekie states that he is the principal broker for Reekie Properties, LLC.  Reekie Decl. at ¶ 1.  His job duties include showing and marketing properties for sale and working with brokers to sell properties.  Id.  In July 2009, Reekie Properties was hired to serve as the listing agent/broker to market and sell the property where plaintiff and his wife had been tenants, when it was

7 - ORDER

foreclosed.  Id. at ¶ 2.  Reekie Properties controlled the manner in which the property was marketed and sold.  Id.  Reekie Properties is not a subsidiary or in any way owned or controlled by any of the named defendants in this case.  Id.  Reekie Properties has not been and is not an employee of any of those defendants.  Id.

During this time, an individual named Daniel Payton provided photography and inspection services for Reekie Properties.  Id. at ¶ 3.  Payton was an independent contractor for Reekie Properties and was not an employee of the company.  Id.  Payton had no employment contract with Reekie Properties and worked on an "as needed" basis for approximately two years. Id.  He was paid by the job.  Id.  He was not on the payroll of Reekie Properties.  Id.  Reekie Properties did not direct or control the physical details of the work performed by Payton when he inspected the property or any other property he inspected or photographed for Reekie Properties. Id.  Payton retained control of the manner in which he inspected and photographed properties. Id.  Reekie Properties did not provide Payton with any tools, uniform, or access to a Reekie Properties office.  Id.  Payton provided his own work clothing and tools and used his own vehicle.  Id.

Reekie reviewed business records relating to this particular property which were made at or near the time of the events by a person, or from information transmitted by a person, with knowledge of the events.  Id. at ¶ 4.  The notes are kept in the regular course of Reekie Properties's business and it was the regular practice of the business to require Payton to provide the record of information contained in the notes.  Id.  It was also the regular practice of Payton to provide the records or information contained in the notes.  Id.

Exhibit 1 to Reekie's Declaration is a bill from Payton for his activities concerning the

property on December 1, 2009.  Id. at ¶ 5.  Redactions on the bill concern other properties and

activities unrelated to the property.  Id.  According to the bill, on or about December 1, 2009,

Payton interacted with the occupants of the property who told Payton that they had no plans to

leave the property.  Id.; Ex. 1 to Reekie Decl.  Reekie Properties paid Payton's bill for the

December 1, 2009 visit to the property.  Reekie Decl. at ¶ 4.

When Payton went to the property on December 1, 2009, Reekie was not an employee of

any defendant named in this action.  Id. at ¶ 6.  Reekie was not acting on behalf of any defendant

named in this action.  Id.  Similarly, Payton is not an employee of any of defendant named in this

action when he visits a property that is listed with Reekie Properties, including the property at

issue in this case.  Id.  And, he is not acting on behalf of any defendant named in this action when

he visits a Reekie property, including the property at issue in this case.  Id.

Defendants argue that Reekie's Declaration establishes that the December Officer was not

an employee of defendants and thus, summary judgment should be granted in defendants' favor.

I agree with defendants.

In response to the Reekie Declaration, plaintiff submits a declaration in which plaintiff

makes statements suggesting that the person described by Reekie in Reekie's Declaration was not

the "December Officer" and was instead a "different person" who visited the property on

December 1, 2009, with the intent of taking photographs of the property and with whom plaintiff

had a pleasant and polite conversation.  Ted Dauven Decl. at ¶¶ 1-9.  Plaintiff indicates that this

"different person" voluntarily produced identification to plaintiff, wore a plaid shirt and normal

civilian clothing, and appeared at the property midday.  Id.

Plaintiff's wife states that this "different person" was parked in front of the house around

1:00 p.m. and was taking photographs of the property from inside his car.  Barbara Dauven at ¶¶ 1-12.  She observed her husband talking to this "different person" and observed that the demeanor of both men was calm and cordial.  Id.

Based on these statements, plaintiff argues that Payton was the "different person," not the "December Officer," and thus, Reekie's Declaration fails to establish that the "December Officer" was not an employee of defendants.  Putting aside defendants' several arguments about the inadmissibility of plaintiff's and Barbara Dauven's Declarations, plaintiff's argument fails to create an issue of fact regarding the December Officer's status as an employee of any of the defendants.

That there may have been a separate, second person who also appeared at the property that day does not create an issue of fact as to whether Payton was employed by any of the defendants.  None of the statements in plaintiff's or Barbara Dauven's Declarations refute any of the statements Reekie makes concerning Payton being an independent contractor of Reekie Properties.  Thus, it is undisputed on this record that Payton is an independent contractor of Reekie Properties who does "inspection" and other services for Reekie Properties on an as needed basis and that Payton controls the manner in which he performs the job Reekie Properties hires him to do.  As a result, nothing in declarations submitted by plaintiff creates an issue of fact on the question of whether Payton was an employee of any of the defendants.  It is undisputed that he was not.

I also reject plaintiffs' argument that the alleged presence at the property of the "different person" earlier in the day on December 1, 2009, creates an inference that the person described by Reekie in his Declaration was not the "December Officer" who allegedly committed the

10 - ORDER

intentional torts described in plaintiff's Third Amended Complaint.  As plaintiff alleges there, the "December Officer" appeared at the property in the evening and drove a vehicle with the license plate T 572233.  Third Am. Compl. at ¶ 65.  The bill submitted to Reekie Properties by Payton for his services in connection with the property on December 1, 2009, indicates he went to the property in the evening.  Ex. 1 to Reekie Decl.  Additionally, evidence submitted by defendant shows that a vehicle with the license plate T 572233 is registered to a Daniel Edward Payton.  Ex. 1 to Tranetzki Decl.  Thus, the evidence establishes that Payton went to the property as an independent contractor of Reekie Properties, went there in the evening, and is the "December Officer."  Payton is not "different person" who allegedly came earlier in the day and who had no negative interactions with plaintiff.

Plaintiff fails to create an issue of fact regarding Payton's status as an employee of defendant's.  Neither party has objected to Magistrate Judge Papak's rejection of any non-employee theory of vicarious liability.  Thus, it is irrelevant that the December Officer may have been acting on behalf of the owners or representing them in some capacity.  The only issue is whether the December Officer was an employee of any of the defendants.  Based on all of the evidence in the record, plaintiff fails to create a question of fact on that issue.  Defendants are entitled to summary judgment.

CONCLUSION

The Court ADOPTS the portion of Magistrate Judge Papak's Findings & Recommendation [103] regarding the denial of plaintiff's motion to amend.  Plaintiff's motion to amend [75] is denied.

The Court DOES NOT ADOPT Magistrate Judge Papak's Findings & Recommendation

11 - ORDER

[103] regarding the denial of defendants' summary judgment motion.  Instead, the Court grants

defendants' alternative motion to supplement the summary judgment record [107] and based on

the entire record, grants defendants' motion for summary judgment [91].  Plaintiff's motion to

recuse [112]  is denied.

IT IS SO ORDERED.

DATED this _____ day of _____, 2012.


MARCO A. HERNANDEZ
United States District Judge

12 - ORDER